**Reginald COLBERT, Plaintiff— Appellant,**

v.

**BLAYLOCK; et al., Defendants— Appellees.**

No. 06–15288.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 11, 2007.

Reginald Colbert, Coalinga, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Reginald Colbert, a California state inmate, appeals pro se from the district court's order dismissing his action alleging defendants destroyed his hearing aid in violation of 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's sua sponte dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a claim. *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir.2003). We review the denial of leave to amend for an abuse of discretion. *Id.* at 854. We affirm.

The district court properly dismissed Colbert's section 1983 claim because California law provides an adequate post-deprivation remedy for property deprivations. *See Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir.1994). Moreover, the prison provided Colbert with a replacement hearing aid, and an appointment with an audiologist to correct malfunctions with the replacement.

The district court also properly dismissed Colbert's ADA claim because Colbert failed to allege any denial of service based on his disability. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

To the extent Colbert alleges that he received inadequate medical treatment in violation of the Eight Amendment, that claim was not cognizable against the defendants. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation[.]").

The district court did not err in dismissing Colbert's second amended complaint without leave to amend because, in two prior orders dismissing Colbert's complaints, the court explained the complaints' deficiencies and granted Colbert leave to amend, and it is clear that no further amendment could save Colbert's complaint. *See Desaigoudar v. Meyercord*, 223 F.3d 1020, 1026 (9th Cir.2000).

Colbert's motion filed on January 18, 2007 is denied.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

